**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Skin Savvy Aesthetics LLC, et al., | No. CV-26-02332-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Panobit LLC, et al., | |
| Defendants. | |

Plaintiffs Skin Savvy Aesthetics LLC and Crystal Clean Window Team LLC (collectively, "Skin Savvy") seek a temporary restraining order without notice against defendant Panobit LLC. (Doc. 7 at 3.) Skin Savvy explains it is requesting "this TRO be issued without notice, [but] it has nonetheless provided written notice of this motion to Panobit, and will promptly serve this motion on Panobit after it is filed." (Doc. 7 at 2.) Federal Rule of Civil Procedure 65(b)(1) allows for a temporary restraining order without notice only if "specific facts in an affidavit . . . clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."

Here, Skin Savvy submitted an affidavit stating "on April 1, 2026, Panobit disabled Skin Savvy's website, servers, and email accounts without notice." (Doc. 7-2 at 11.) That prevents Skin Savvy's customers from reaching it. Skin Savvy also states that on April 8, 2026, Skin Savvy's general manager and principal discovered that "a hacker—presumably Panobit" gained access to personal email accounts, deleted messages, and shut him out of

his Apple account. (Doc. 7-2 at 13.) Skin Savvy believes "[e]very day in which [its] digital infrastructure remains offline, [it] suffers additional and compounding harm to its reputation, patient relationships, and prospective customer based." (Doc. 7-2 at 13.) Skin Savvy also believes its goodwill "is being actively destroyed." (Doc. 7-2 at 13.)

Although Skin Savvy's alleged harms are serious, they are not sufficient to merit issuance of a temporary restraining order without notice and an opportunity to respond. "[C]ircumstances justifying the issuance of an ex parte order are extremely limited." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). There are "very few circumstances justifying the issuance of an ex parte TRO," such as where notice is impossible or "would render fruitless the further prosecution of the action." *Id.* (simplified). Neither situation exists here. In addition, Skin Savvy lost access to its "digital infrastructure" on April 1 and filed this suit on April 6. The parties appear to have been attempting to reach an "amicable resolution" between those dates, and Skin Savvy should not be faulted for pursuing such efforts. (Doc. 7-2 at 46.) But after Skin Savvy filed suit, it waited three days to seek an ex parte restraining order. That delay indicates the harm is not so grave such that Panobit should be prevented from being heard.

**IT IS ORDERED** the Motion for Temporary Restraining Order Without Notice (Doc. 7) is **DENIED**. The Motion for Temporary Restraining Order remains pending.

**IT IS FURTHER ORDERED** no later than **April 13, 2026 at 9 a.m.**, defendants shall file their opposition to the motion for temporary restraining order. Plaintiff shall file their reply no later than **April 14, 2026, at 9 a.m.**

**IT IS FURTHER ORDERED** plaintiff shall provide notice of this order to defendants as soon as practicable and file proof of that notice on the docket.

Dated this 9th day of April, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**

- 2 -