**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Skin Savvy Aesthetics LLC, et al., | No. CV-26-02332-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Panobit LLC, et al., | |
| Defendants. | |

Plaintiffs Skin Savvy Aesthetics LLC and Crystal Clean Window Team LLC (collectively "Skin Savvy") hired defendant Panobit LLC ("Panobit") to provide IT services. In January 2026, Skin Savvy informed Panobit it would be terminating the business relationship. The parties disputed the terms of this termination (and accompanying transfer of digital assets and control), and on April 1, 2026, Panobit shut down Skin Savvy's website, servers, and email accounts. Skin Savvy filed a complaint against Panobit and its owner James Staricha and executed service on Panobit. (Docs. 1, 6.)

Three days after filing the complaint, Skin Savvy requested a temporary restraining order against Panobit primarily requiring it to restore Skin Savvy's digital infrastructure. (Doc. 7.) That motion was unopposed because Panobit did not retain counsel. (*See* Doc. 13.) On April 14, 2026, this court granted the temporary restraining order, finding Skin Savvy met the factors for emergency relief laid out in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2009). (Doc. 18 at 9.)

Skin Savvy now moves for a preliminary injunction requesting substantially the

same relief. (Doc. 21 at 5.) It alleges Panobit only partially complied with the temporary restraining order: Panobit restored the website, temporarily took the servers down before restoring them again, and now retains "exclusive control over all six domains" after claiming the domain provider Public Domain Registry ("PDR") imposed a 60-day transfer lock. (Doc. 21 at 3.) To allow for briefing, the court extended the temporary restraining order for fourteen days and set a briefing schedule requiring Panobit to respond to the motion for preliminary injunction by May 1, 2026. (Doc. 22.) Panobit did not. It appears it still has not retained counsel (*see* Doc. 13) and it also failed to timely answer the complaint.

On May 6, 2026, Skin Savvy filed a notice of Panobit's continued non-compliance with the previous order, alleging Panobit that day "again deleted the nameservers from three of its most important domains, causing both its websites and email servers to crash." (Doc. 23 at 2.) Further, Skin Savvy's correspondence with PDR made clear the 60-day transfer lock is in fact controlled by Panobit, which can disable it at any time. (Doc. 23 at 2.) PDR has agreed to transfer domain ownership from Panobit to Skin Savvy if a court order requires it to do so. (Doc. 23-1 at 26.)

Panobit has not opposed any of Skin Savvy's motions for emergency relief, Skin Savvy still meets the *Winter* factors test, Skin Savvy requests the same relief the court has previously deemed appropriate, and Panobit has shown continued non-compliance with the court's orders. Additionally, PDR received notice it may receive a court order directing it to effectuate a transfer and has not objected to being bound by such an injunction. *See* Fed. R. Civ. P. 65(d)(2); *DISH Network, L.L.C. v. Dima Furniture Inc.*, No. CV TDC-17-3817, 2019 WL 2498224, at *8 (D. Md. June 17, 2019) (binding nonparty to injunction because defendant's infringing conduct relies on nonparty's computer servers and nonparty received notice of the request and did not object).

Accordingly,

**IT IS ORDERED** the Motion for Preliminary Injunction (Doc. 21) is **GRANTED**.

**IT IS FURTHER ORDERED** Panobit must (1) fully restore Skin Savvy's websites, emails, and other IT systems to fully operational status; (2) take all steps

necessary to transfer to Skin Savvy all rights, titles, control, custody, and administration associated with its domain names; (3) provide Skin Savvy with all credentials and other permissions, information, or access rights necessary to enable Skin Savvy to assume exclusive control over its domain names; (4) transfer to Skin Savvy all credentials, access, and administrative control relating to Skin Savvy's technical infrastructure; (5) refrain from altering, disabling, redirecting, transferring, deleting, allowing to lapse, modifying, impairing, or otherwise interfering with the subject domain names, associated websites, DNS records, hosting configurations, email settings, or any related digital assets, accounts, or services; and (6) preserve all evidence of its current and past use of Skin Savvy's websites, emails, phones, and all other digital IT assets, including the digital assets of Samuel Heffner.

**IT IS FURTHER ORDERED** that PDR (1) immediately transfer registrant control over Skin Savvy's domain names to Skin Savvy, and (2) disable or remove any registrant control by Panobit over Skin Savvy's domains, such that Panobit cannot make any transfers, modifications, or domain name system changes.

**IT IS FURTHER ORDERED** that Skin Savvy file proof of service of the complaint and summons on James Staricha as soon as practicable.

**IT IS FURTHER ORDERED** Skin Savvy shall apply for entry of default within ten days against Panobit LLC and, if Staricha is served and does not respond, Skin Savvy shall apply for entry of default against Staricha within ten days of the expiration of his deadline to respond to the complaint. Skin Savvy shall file its motion for default judgment within five days once the defaults of both defendants have been entered.

Dated this 8th day of May, 2026.

Honorable Krissa M. Lanham
United States District Judge

- 3 -